UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH B. MOONEY,<br><br>                          Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>                          Defendant. | NO:  CV-11-3051-RMP<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT AND DENYING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT |

Before the Court are cross-motions for summary judgment, ECF Nos. 13, 18.  The Court has reviewed the motions, the memoranda in support, the Plaintiff's reply memorandum, the administrative record, and is fully informed.

## JURISDICTION

Plaintiff Joseph B. Mooney protectively filed for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") on December 14, 2007.  (Tr. 111-13, 114-17.)  Plaintiff initially alleged an onset date of April 1, 2004, in both claims but amended that date to January 1, 2005, at his Hearing.  (Tr.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

36, 111, 114.)  Benefits were denied initially and on reconsideration.  (Tr. 64-67, 71-75.)

On July 10, 2008, Plaintiff timely requested a hearing before an administrative law judge ("ALJ").  (Tr. 31.)  A hearing was held before ALJ Douglas S. Stults on September 3, 2009.  (Tr. 31.)  Plaintiff was represented by counsel Chad Hatfield at the hearing.  (Tr. 15, 31-59.)  The Plaintiff, his roommate, Ron Hickman, and a Vocational Expert ("VE"), Dr. Holly Peterson, testified at the hearing. (Tr. 31-59.)  On December 14, 2009, ALJ Stults issued a decision finding Plaintiff not disabled.  (Tr. 15-26.)  The Appeals Council denied review.  (Tr. 1-3.) This matter is properly before this Court under 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of this case are set forth in the administrative hearing transcripts and record and will only be summarized here.  Plaintiff was twenty-six years old when he applied for benefits and was twenty-eight years old when ALJ Stults issued his decision.  Plaintiff currently is unemployed and lives with a roommate, Mr. Hickman.  Plaintiff has not worked since 2004.  He describes myriad conditions that keep him from finding employment, including paranoid schizophrenia, major depression, dissociative identify disorder with four named personalities, and bipolar disorder.  He describes hearing voices and seeing things that are not present and having to check and re-check his doors and windows

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

1  during the day.  He alleges that the combination of his impairments keeps him

2  from being able to work.

### STANDARD OF REVIEW

4      Congress has provided a limited scope of judicial review of a

5  Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold the

6  Commissioner's decision, made through an ALJ, when the determination is not

7  based on legal error and is supported by substantial evidence.  *See Jones v.*

8  *Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The

9  [Commissioner's] determination that a claimant is not disabled will be upheld if

10  the findings of fact are supported by substantial evidence."  *Delgado v. Heckler*,

11  722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Substantial

12  evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112,

13  1119 n.10 (9th Cir. 1975), but less than a preponderance.  *McCallister v. Sullivan*,

14  888 F.2d 599, 601-02 (9th Cir. 1989) (citing *Desrosiers v. Secretary of Health and*

15  *Human Services*, 846 F.2d 573, 576 (9th Cir. 1988)).  Substantial evidence "means

16  such evidence as a reasonable mind might accept as adequate to support a

17  conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).

18  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw

19  from the evidence" will also be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293

20  (9th Cir. 1965).  On review, the court considers the record as a whole, not just the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

1  evidence supporting the decisions of the Commissioner.  *Weetman v. Sullivan*, 877

2  F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir.

3  1980)).

4        It is the role of the trier of fact, not this court, to resolve conflicts in

5  evidence.  *Richardson*, 402 U.S. at 400.  If evidence supports more than one

6  rational interpretation, the court may not substitute its judgment for that of the

7  Commissioner.  *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579

8  (9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will

9  still be set aside if the proper legal standards were not applied in weighing the

10  evidence and making a decision.  *Brawner v. Sec'y of Health and Human Services*,

11  839 F.2d 432, 433 (9th Cir. 1988).  Thus, if there is substantial evidence to support

12  the administrative findings, or if there is conflicting evidence that will support a

13  finding of either disability or nondisability, the finding of the Commissioner is

14  conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

15                                    **SEQUENTIAL PROCESS**

16        The Social Security Act (the "Act") defines "disability" as the "inability to

17  engage in any substantial gainful activity by reason of any medically determinable

18  physical or mental impairment which can be expected to result in death or which

19  has lasted or can be expected to last for a continuous period of not less than 12

20  months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act also provides that a

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial

1    gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *see also* 20

2    C.F.R. § 404, Subpt. P, App. 1.  If the impairment meets or equals one of the listed

3    impairments, the claimant is conclusively presumed to be disabled.

4          If the impairment is not one conclusively presumed to be disabling, the

5    evaluation proceeds to the fourth step, which determines whether the impairment

6    prevents the claimant from performing work he or she has performed in the past.

7    If the plaintiff is able to perform his or her previous work, the claimant is not

8    disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, the

9    claimant's residual functional capacity ("RFC") assessment is considered.

10         If the claimant cannot perform this work, the fifth and final step in the

11   process determines whether the claimant is able to perform other work in the

12   national economy in view of his or her residual functional capacity and age,

13   education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

14   416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

15         The initial burden of proof rests upon the claimant to establish a prima facie

16   case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921

17   (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial

18   burden is met once the claimant establishes that a physical or mental impairment

19   prevents him from engaging in his or her previous occupation.  The burden then

20   shifts, at step five, to the Commissioner to show that (1) the claimant can perform

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### ALJ'S FINDINGS

Initially, the ALJ found that the Plaintiff met the insured status requirements of the Act through December 31, 2009.  (Tr. 17.)  At step one of the five-step sequential evaluation process, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 1, 2005, the amended alleged date of onset.  (Tr. 17.)

At step two, the ALJ found that Plaintiff has the following severe impairments: "Attention Deficit Hyperactivity Disorder, per record; history of alcohol, marijuana and cocaine abuse, in self-reported remission; depressive disorder, not otherwise specified, provisional; symptom embellishment, probable; rule/out malingering psychiatric symptoms; rule out borderline traits; and rule out borderline intellectual functioning."  (Tr. 18-19.)  At step three, the ALJ found that none of the Plaintiff's impairments, taken alone or in combination, met or medically equaled any of the impairments listed in Part 404, Subpart P, Appendix 1 or 20 C.F.R.  (Tr. 21.)

At step four, the ALJ found that the Plaintiff had several nonexertional limitations that precluded the Plaintiff from performing any past relevant work.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

1   (Tr. 22-25.)  However, at step five, the ALJ found that there were jobs existing in

2   significant numbers in the national economy that the Plaintiff could perform even

3   given his limitations.  (Tr. 25.)  Accordingly, the ALJ found that the Plaintiff was

4   not under a disability for purposes of the Act.

5                                                    **ISSUES**

6            The questions are whether the ALJ's decision is supported by substantial

7   evidence and free of legal error.  Specifically, the Plaintiff argues that the ALJ

8   improperly rejected severe impairments suffered by the Plaintiff as part of step two

9   and committed legal error by improperly rejecting the opinions of the Plaintiff's

10  treating medical providers in making his decision.  Plaintiff then asserts that, due to

11  the failure to properly identify the number and extent of Plaintiff's impairments,

12  the ALJ erroneously determined that the Plaintiff could perform work existing in

13  substantial numbers in the national economy.  Finally, the Plaintiff argues that the

14  ALJ further committed legal error by improperly considering  evidence of drug use

15  when coming to his conclusions.

16                                              **DISCUSSION**

17  **Finding of Severe Impairment at Step Two**

18          Step two requires an ALJ to determine whether the claimant has a medically

19  severe impairment or combination of impairments.  §§ 404.1520(a)(4)(ii),

20  416.920(a)(4)(ii).  To satisfy step two's requirement, the claimant must prove the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

1     existence of a physical or mental impairment by providing medical evidence

2     consisting of signs, symptoms, and laboratory findings; the claimant's own

3     statement of symptoms alone will not suffice.  20 C.F.R. §§ 404.1508, 416.908.

4     Only "acceptable medical sources" can supply the evidence needed to establish the

5     existence of an impairment.  20 C.F.R. §§ 404.1513(a), 416.913(a).   Acceptable

6     medical sources include licensed physicians and licensed or certified

7     psychologists.  §§ 404.1513(a)(1)-(2), 416.913(a)(1)-(2).

8         At step two, the ALJ must also look to the severity of any impairment.

9     §§ 404.1520(c), 416.920(c).  The severity inquiry at step two is "'a de minimis

10    screen device [used] to dispose of groundless claims.'"  *Webb v. Barnhart*, 433

11    F.3d 683, 687 (9th Cir. 2005) (alteration in original) (quoting *Smolen v. Chater*, 80

12    F.3d 1273, 1290 (9th Cir. 1996)).  Accordingly, an impairment is "'not severe *only*

13    *if* the evidence establishes a slight abnormality that has no more than a minimal

14    effect on an individual's ability to work.'"  *Webb*, 433 F.3d at 686 (quoting

15    *Smolen*, 80 F.3d at 1290).

16        The ALJ found that the Plaintiff suffered from "Attention Deficit

17    Hyperactivity Disorder, per record; history of alcohol, marijuana and cocaine

18    abuse, in self-reported remission; depressive disorder, not otherwise specified,

19    provisional; symptom embellishment, probable; rule/out malingering psychiatric

20    symptoms; rule out borderline traits; and rule out borderline intellectual

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

1 functioning." (Tr. 18-19.) The Plaintiff asserts that it was error for the ALJ to fail

2 to find that the Plaintiff suffered from: (1) bipolar I disorder; (2) schizophrenia,

3 paranoid type; (3) major depression disorder; and (4) dissociative identity disorder.

4 ECF Nos. 14 at 15, 20 at 2.

5        The Plaintiff cites to various medical records to establish that he suffers

6 from those four impairments. Specifically, the Plaintiff cites to pages 251, 252,

7 264, 267, 331, 339, and 345 of the transcript of record. However, none of the

8 records to which Plaintiff cites are statements from "acceptable medical sources"

9 as defined in §§ 404.1513(a), 416.913(a). The records were produced by agents of

10 Central Washington Comprehensive Mental Health ("CWCMH"), specifically:

11 Suzanne L. Rodriguez, Master of Social Work ("M.S.W."); Paul Harman, M.S.W.;

12 and Sandra Elsner, M.S.W. (Tr. 251-53, 264, 267-68, 331-33, 339, 345). Two of

13 the records cited to by the Plaintiff may have also involved work by Dr. Sandra

14 Birdlebough, Advanced Registered Nurse Practitioner ("A.R.N.P."), and Kathleen

15 Mack, A.R.N.P. (Tr. 267-69, 331-33.) Licensed clinical social workers and nurse

16 practitioners are considered "other sources" for the purposes of determining

17 impairments. §§ 404.1513(d)(1), 416.913(d)(1). Because they are not "accepted

18 medical sources," opinions from social workers and nurse practitioners cannot

19 establish the existence of an impairment. *See* §§ 404.1513(a), (d), 416.913(a), (d);

20 *see also* Social Security Ruling ("SSR") 06-03p.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

1    The Court recognizes that Ms. Elsner's July 1, 2008, record of her

2    communication with Ms. Mack about the Plaintiff's treatment at CWCMH

3    references the fact that a Dr. Rodenburger had concurred with Ms. Mack's

4    diagnosis of "disassociative [sic] identity disorder." (Tr. 339.)  However, medical

5    opinions must be "statements from physicians and psychologists or other

6    acceptable medical sources . . . ."  §§ 404.1527(a)(2), 416.927(a)(2).  The

7    transcript of record contains no statement from Dr. Rodenburger.  Ms. Elsner's

8    statement that Dr. Rodenburger has concurred with Ms. Mack's diagnosis refers to

9    no "medical evidence consisting of signs, symptoms, and laboratory findings."

10    §§ 404.1508, 416.908.  An "ALJ need not accept the opinion of any physician,

11    including a treating physician, if that opinion is brief, conclusory, and inadequately

12    supporting by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir.

13    2002).  Accordingly, the conclusory statement contained in Ms. Elsner's record

14    provides no acceptable basis for establishing that the Plaintiff suffers from the

15    impairment of dissociative identity disorder.  §§ 404.1508, 416.908

16    Dr. Toews is a licensed psychologist.  (Tr. 220).  Accordingly, Dr. Toews is

17    an "acceptable medical source."  §§ 404.1513(a)(2), 416.913(a)(2).  The ALJ's

18    findings relating the Plaintiff's impairments comport with Dr. Toews' conclusions.

19    Accordingly, the ALJ's step two analysis comports with the law and is based on

20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

1    substantial evidence in the record. Therefore, the Court finds no error with regard

2    to the ALJ's step two determination of Mr. Mooney's severe impairments.

3    **Rejection of Plaintiff's Treating Medical Providers' Opinions**

4         The Plaintiff argues that the ALJ improperly rejected the opinions of Mr.

5    Mooney's treating medical providers.  Specifically, the Plaintiff argues that the

6    ALJ failed to identify specific reasons to discount the opinions of Dr. Birdlebough,

7    Ms. Mack, and Lindsey Vaagen, M.S.W.

8         Plaintiff relies primarily on *Lester v. Chater*, 81 F.3d 821 (9th Cir. 1995), for

9    the prospect that treating physicians are accorded special weight.  However,

10   Plaintiff's reliance on *Lester* is misplaced because, unlike the treating medical

11   providers in *Lester*, the treating medical providers in this case are not physicians or

12   other "acceptable medical sources."  *See id.* at 830-33.  Instead, they are "other

13   medical sources."  SSR 06-03p.  Accordingly, *Lester* is distinguishable.

14        However, the fact that Dr. Birdlebough, Ms. Mack, and Ms. Vaagen are not

15   "acceptable medical sources" is not fatal to Plaintiff's challenge.  While

16   information from "other medical sources" may not be used to establish the

17   existence of a medically determinable impairment, such sources are relevant to the

18   issues of impairment severity and functional limitations imposed by the

19   impairment.  §§ 404.1513(d), 416.913(d); *see also* SSR 06-03p.  When an ALJ

20   rejects evidence from "other medical sources," the ALJ "'must give reasons that

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

are germane to each witness.'"  *See Valentine v. Commissioner Social Sec. Admin*, 574 F.3d 685, 694 (9th Cir. 1993) (quoting *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)).  Those reasons must be specific.  *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009).

With regard to Dr. Birdlebough's opinion, the ALJ rejected her opinion because the Plaintiff was not forthcoming about his drug use history.  (Tr. 23.)  An ALJ may challenge a claimant's credibility based on inconsistent reports of drug use.  *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).  Additionally, an ALJ may discount an opinion that relies entirely on subjective complaints that are not supported by objective evidence in the record.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).  Review of Dr. Birdlebough's opinion reveals that her diagnoses rely on subjective symptoms reported by the Plaintiff.  (Tr. 245-47.)  Her independent examination of the Plaintiff's mental function does not form the basis for her opinions.  *See* (Tr. 246-47.)  Accordingly, the ALJ's determination that the Plaintiff's credibility is impugned by inconsistent reporting of drug use is a reason that is germane to the rejection of Dr. Birdlebough's opinon and is supported by substantial evidence.

In rejecting the opinions of Ms. Mack and Ms. Vaagen, the ALJ wrote:

[T]here appears to be in the record . . . various evaluations of the claimant completed by non-physician [sic] with M.S.W., M.Ed., and/or A.R.P.N. degree/certification.    Although none of these evaluators are an "acceptable medical source", as defined by the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

1    Regulations, the undersigned has considered each of their opinions . .
2    . .  However, the undersigned has granted such opinions only minimal
     weight as the State agency mental health consulting physician is an
3    acceptable medical source, has had the advantage of reviewing the
     claimant's file, and is well familiar with the Agency's Regulations
     and Rulings concerning the determination of a "severe" impairment.
4
(Tr. 23.)
5
6        While the justification provided by the ALJ supports granting great weight

7  to the consulting physician's opinion, the ALJ does not provide specific reasons

8  germane to Ms. Mack and Ms. Vaagen about why their opinions should be

9  afforded only "minimal weight."  The Court recognizes that an acceptable medical

10 source's knowledge of the social security system and familiarity with the case

11 record are relevant in determining the relative weight of opinions.  SSR 06-03p.

12 However, holding that an ALJ may reject evidence from multiple "other medical

13 sources," without any specific comment as to those sources, solely on the basis of a

14 consulting physician's familiarity with the social security process and review of

15 prior diagnoses, would contradict the express guidance that information from other

16 medical sources is "important and should be evaluated."  SSR 06-03p.  The

17 consulting physician's qualification is not by itself a basis to ignore the opinions of

18 other medical sources and the "wholesale dismissal of the testimony of all the

19 witnesses as a group . . . does not qualify as a reason germane to each individual"

20 witness.  *Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

1    While the ALJ is not bound to mention every piece of evidence in the

2    record, the ALJ must address that evidence that is significantly probative.  *Vincent*

3    *v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).  Ms. Mack's and Ms.

4    Vaagen's opinions as to the Plaintiff's limitations contradicted the opinions of Dr.

5    Toews' and others.  While the full basis for Ms. Mack's and Ms. Vaagen's

6    opinions are not completely clear from the record, it is known that Ms. Mack was a

7    treating source at one point.   Additionally, nothing in Dr. Toews' report

8    establishes any objective diagnostics.

9    Crediting Ms. Mack's or Ms. Vaagen's opinion would have an impact on the

10   final calculation of available jobs in the national economy.  Testimony from the

11   Vocational Expert ("VE") at the hearing established that had the ALJ adopted the

12   Ms. Mack's or Ms. Vaagen's opinions as to the severity of the Plaintiff's

13   limitations, the VE's opinion as to the availability of jobs in the national economy

14   at which Mr. Mooney could work would have changed.  (Tr. 56-57.)  Accordingly,

15   Ms. Mack's and Ms. Vaagen's opinions were probative of the issues before the

16   ALJ.  The Court finds that the ALJ has failed to sufficiently explain its rejection of

17   Ms. Mack's and Ms. Vaagen's opinions and supply a germane reason to reject their

18   testimony.

19   Furthermore, this Court cannot supply its own conclusion as to the relative

20   weight of the opinions in the record as it is the role of the trier of fact, not this

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

court, to resolve conflicts in evidence.  *Richardson*, 402 U.S. at 400.  Accordingly, this case must be remanded for the ALJ to consider the opinions of the Plaintiff's treating medical providers and better explain the weight the ALJ gives them.

**Step Five Burden**

The Plaintiff argues that insufficient evidence in the record supported the ALJ's conclusion that Mr. Mooney, despite his limitations, was capable of doing work that existed in substantial numbers in the national economy.  The Plaintiff's argument is based on his first two arguments.  In short, he asserts that because the ALJ misidentified the impairments and limitations suffered by Mr. Mooney, the hypothetical given to the VE at the hearing failed to account for all of Mr. Mooney's limitations.

If the hypothetical provided to a VE fails to reflect all of the claimant's limitations, the VE's testimony contains no evidentiary value in determining what jobs are available in the national economy that the claimant may perform. *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991).  The Plaintiff is correct that the hypothetical provided by the ALJ at the hearing accounted only for those limitations that he identified in his report.  (Tr. 22-24, 54-56.)  As the Court has found that the ALJ failed to properly identify reasons germane to rejecting the opinions of the Plaintiff's treating medical providers, and acceptance of the opinions of those medical providers would affect the determination of what

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

limitations the Plaintiff possesses, the Court cannot determine whether the VE's testimony as to job availability is valid. Accordingly, on remand, after reconsideration of the evidence in the record, the ALJ will need to seek new testimony from a VE as to any updated limitations.

**Plaintiff's Drug Use History**

Plaintiff's final challenge is to the ALJ's reference to Plaintiff's inconsistent reporting of his drug use. Plaintiff asserts that it was error for the ALJ to consider drug use by the Plaintiff before he had finished the five-step process. The Commissioner does not contest that the impact of drug use on a disability is to be assessed only after disability is determined under the five-step process. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). The Commissioner argues that the ALJ did not refer to drug use as part of determining whether Mr. Mooney suffered from a disability except to note that inconsistent reporting from the Plaintiff hurt his credibility.

An ALJ should proceed through the five-step inquiry and should not attempt to determine the impact of a claimant's substance abuse on the claimant's mental impairments. *Bustamante* 262 F.3d at 955. If, and only if, the ALJ finds the claimant disabled, should the ALJ inquire as to whether the claimant would still be disabled if he stopped using intoxicants. *Id.*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

In his decision, the ALJ refers to drug use in the portions of his opinion addressing findings three, five, and six.  (Tr. 18-21, 23-24.)  As to findings three and six, the only references to drug abuse are contained in quotations from Dr. Toews and Dr. Birdlebough and a paraphrase from Dr. Mary Gentile, Ph.D.  (Tr. 18-21, 24.)  The ALJ's decision reports only what the records are stating.  There is no analysis or suggestion that the ALJ finds the Plaintiff's alleged drug use contributed to his symptoms or impairment.  Accordingly, with regard to findings three and six, there is no improper consideration of Plaintiff's alleged drug use.

With regard to finding five, the ALJ used Plaintiff's inconsistent reporting of drug abuse to disregard two exhibits in the record.  With regard to Exhibit 4F, the ALJ stated "[a]s shown above in Exhibit 4F, the claimant denied any history of alcohol or drug use.  Therefore, this medical record is tainted due to the claimant not being forthcoming regarding his history of substance abuse.  The undersigned has considered, but rejects such opinion for that reason."  (Tr. 23.)  The opinion the ALJ is referring to is Dr. Birdlebough's opinion.  The second record disregarded by the ALJ in support of finding number five was the opinion of Christopher J. Clark, M.Ed., Licensed Mental Health Counselor ("LMHC"), located at page 5 of Exhibit 9F.  (Tr. 296.)  The Court rejected that opinion "as such was prepared by a non-acceptable medical source and as the claimant was not accurate in reporting his substance abuse."  (Tr. 23.)

An ALJ may challenge a claimant's credibility based on inconsistent reports of drug use. *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999). Additionally, an ALJ may discount an opinion that relies entirely on subjective complaints that are not supported by objective evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Accordingly, reference to inconsistent reporting of drug use for the purposes of discrediting a medical opinion is a valid exercise of the ALJ's authority and is distinct from determining the impact of any drug use on a claimant's level of impairment. Therefore, the Court concludes that the ALJ did not impermissibly consider the Plaintiff's drug use in his opinion.

### CONCLUSION

This case must be remanded. On remand, the ALJ will conduct a new sequential evaluation, make new credibility findings with specificity, make a new RFC determination, and take additional vocation expert testimony at step five. The ALJ should also consider Dr. Toews' recommendation that further objective testing could resolve concerns over malingering.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Plaintiff's motion for summary judgment, **ECF No. 13**, is **GRANTED**. This matter is remanded to the Commissioner for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19

2.  The Defendant's motion for summary judgment, **ECF No. 18**, is

   **DENIED**.

3.  An application for attorney's fees may be filed by separate motion.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to

provide copies to counsel.

**DATED** this 28th day of January 2013.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 20